# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

TRISTAN MCDONALD
A/K/A FAITH MCDONALD,

      Plaintiff,

v.

MBS TEXTBOOK EXCHANGE, LLC,

      Defendant.

CASE NO.: _____

Removed from:

The Thirteenth Judicial Circuit Court,
Boone County, Missouri

Case No. 20BA-CV02408

## DEFENDANT MBS TEXTBOOK EXCHANGE, LLC'S
## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant MBS Textbook Exchange, LLC ("MBS") (incorrectly pleaded as "MBS Textbook Exchange, Inc."), by and through its undersigned counsel, hereby removes the above-captioned action from the Thirteenth Judicial Circuit Court, Boone County, Missouri. As grounds for removal, MBS states as follows:

### BACKGROUND

1. On or about July 27, 2020, Plaintiff Tristan McDonald, also known as Faith McDonald ("Plaintiff"), filed a Petition against MBS in the Thirteenth Judicial Circuit Court, captioned *Tristan McDonald a/k/a Faith McDonald v. MBS Textbook Exchange, Inc.*, Case No. 20BA-CV03408 (the "Petition").

2. In the Petition, Plaintiff raises allegations of "sex discrimination" (Count I), "harassment because of sex" (Count II), "hostile work environment" (Count III), "unlawful

retaliation" (Count IV), and "associational discrimination" (Count V), in violation of the Missouri Human Rights Act ("MHRA").

3.      MBS was served with a copy of the Petition on August 4, 2020.

4.      A true and correct copy of Plaintiff's full state court filing, including the Petition and Service of Process Transmittal Notice, is attached hereto as **Exhibit A**.

<strong><u>Grounds for Removal (Diversity Jurisdiction)</u></strong>

5.      Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a).

6.      An action shall be removable on the grounds of diversity of citizenship so long as none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(2).

7.      A federal court has original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." 28 U.S.C. § 1332(a).

8.      This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). As further explained below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00. Thus, removal is proper.

**A.     Complete Diversity of Citizenship Exists Between Plaintiff and MBS**

9.      Now, and at the time the Petition was filed, MBS is and was a limited liability company (LLC). As such, the Court must look to the citizenship of MBS's members in conducting the diversity analysis. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990).

10.     The sole member of MBS is BNED MBS Holdings, LLC ("BNED"). Now, and at the time the Petition was filed, BNED is and was a limited liability company. Accordingly, the

Court must look to the citizenship of BNED's members for purposes of conducting the diversity analysis in this case. *Id.*; *see OHM Hotel Grp., LLC v. Dewberry Consultants*, LLC, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015) ("For any members of LLCs that are limited liability companies," citizenship is determined based on "the underlying members . . . in accordance with the rules applicable to [LLCs], *through however many layers of ownership there may be*." (emphasis added)).

11.     The sole member of BNED is B&N Education, LLC ("B&N"). Now, and at the time the Petition was filed, B&N is and was a limited liability company. Accordingly, the Court must look to the citizenship of B&N's members for purposes of conducting the diversity analysis in this case. *See Carden*, 494 U.S. at 189; *OHM Hotel Grp.*, LLC, 2015 WL 5920663, at *1.

12.     The sole member of B&N is Barnes & Noble Education, Inc., a Delaware corporation that maintains its headquarters and principal place of business in New Jersey. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Therefore, for purposes of removal, MBS is a citizen of Delaware and New Jersey.

13.     In the Petition, Plaintiff incorrectly identifies MBS by its former name, "MBS Textbook Exchange, Inc." (Pet. ¶ 4). Now, and at the time the Petition was filed, however, "MBS Textbook Exchange, Inc." is and was no longer in existence. Effective February 24, 2017, MBS was converted to a limited liability company and its name was officially changed to "MBS Textbook Exchange, LLC." A true and correct copy of the Certificate of Conversion that was filed with the State of Delaware is attached hereto as **Exhibit B**.

14.     The Petition makes no valid allegations that would contradict the citizenship of MBS as set forth above, stating only that "Plaintiff's search of the Missouri Secretary of State's website found no such LLC," (Pet. ¶ 5), which is irrelevant in determining whether an action is properly removable.  *See* 28 U.S.C. § 1332(c).

15.     Plaintiff is a domiciliary resident of Missouri, (Pet. ¶¶ 1, 6), and is thus a citizen of Missouri for purposes of diversity jurisdiction.  *See Hrastich v. Advance Auto Parts*, Inc., 2014 WL 3341121, at *1-2 (E.D. Mo. July 8, 2014) (explaining that "[f]or purposes of diversity jurisdiction, the terms 'citizenship' and 'domicile' are synonymous" and that "the place of residence is prima facie the domicile"); *Douglas v. Imerys Talc Am., Inc.*, 2019 WL 626427, at *4, n.9 (E.D. Mo. Feb. 14, 2019) (plaintiff's allegation that she "is currently a resident of Tennessee" constituted sufficient proof that the she "[wa]s a citizen of Tennessee" for diversity jurisdiction purposes).

16.     Plaintiff is not, and does not claim to be, a citizen of either Delaware or New Jersey.

17.     Based on the above, complete diversity of citizenship exists between the parties within the meaning of 28 U.S.C. § 1332.  *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.").

**B.      The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs**

18.     In addition to diversity of citizenship, the amount in controversy in this case exceeds the $75,000.00 threshold required under 28 U.S.C. § 1332(a).

19.     Where, as here, "the complaint alleges no specific amount of damages," the removing defendant must show that "a fact finder might legally conclude' that 'the damages are greater than the requisite amount.'"  *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

20. In some cases, "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Id.* (internal quotation marks omitted). Even where the amount in controversy is not facially apparent, however, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In determining whether the jurisdictional amount has been satisfied, "[a] court may employ[ ] its judicial experience or common sense." *Turntine*, 959 F.3d at 881; *see also Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (per curiam) (noting that the amount in controversy may be determined using "reasonable deductions, reasonable inferences, or other reasonable extrapolations").

21. The Petition at issue alleges that "Plaintiff has suffered damages, including loss of wages, loss of benefits, pain and suffering, mental and emotional distress, incurrence of expenses for medical treatment due to distress and the toll on Plaintiff's mental health, embarrassment, humiliation, indignation, and deprivation of their civil rights." (Pet. ¶ 72). The Petition further alleges that "Defendant is . . . liable to Plaintiff for punitive damages" as well as "attorneys' fees and costs." (Pet. ¶¶ 106, 108-10).

22. The MHRA allows for potential recovery of lost wages, front pay, compensatory damages, punitive damages and attorneys' fees. *See* Mo. Rev. Stat. § 213.111.2. As set forth in the Petition, Plaintiff is seeking each of these categories of damages in the matter at issue. (Pet. ¶¶ 72, 90, 93, 98, 100–10).

23. The wide range of damages sought by Plaintiff supports a finding that the amount-in-controversy threshold is satisfied in this case. *Walker v. Fed. Express*, 2019 WL 2603544, at *1 (E.D. Mo. June 25, 2019 (amount in controversy requirement satisfied where former employee

sought "multiple forms of damages, including back pay, front pay, damages for emotional distress, and punitive damages").[1]

24.     Plaintiff's potential claims for lost wages and front pay alone place in controversy an amount that exceeds the $75,000.00 jurisdictional threshold.  Under the MHRA, "back pay is calculated based on the difference between what the plaintiff would have earned had he remained employed and what he actually earned, counting from the date of termination until the date of reinstatement or judgment."  *Walker*, 2019 WL 2603544, at *2 (citing *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011)).  As set forth in the Petition, "Plaintiff resigned" from their employment with MBS "on January 2, 2020."  (Pet. ¶ 71).  Thus, assuming a trial date of January 2022, Plaintiff may claim back pay in an amount equal to two years' salary.

25.     In addition, "front pay may be awarded" under the MHRA, particularly in cases such as this one where a plaintiff does not seek reinstatement of their employment.  *Walker,* 2019 WL 2603544, at *2; *Gilliland v. Missouri Athletic Club*, 273 S.W.3d 516, 520 n.3 (Mo. 2009).  If Plaintiff were to prevail, they could "reasonably recover [a front pay] award of two years' salary."  *Walker*, 2019 WL 2603544, at *2; *Browning v. President Riverboat Casino-Missouri, Inc.*, 139 F.3d 631, 637 (8th Cir. 1998) (affirming two years of front pay).

26.     Under the MHRA, prevailing plaintiffs may also recover compensatory damages for emotional distress, mental anguish, loss of dignity, and any other intangible injuries.  *See* Mo. Rev. Stat. § 213.111.2; *Rowe v. Hussmann Corp.*, 381 F.3d 775, 777 (8th Cir. 2004).  Courts have awarded compensatory damages well in excess of $75,000.00 in other cases involving similar claims.  *See, e.g.*, *Rowe*, 381 F.3d at 777 (upholding jury award of $500,000 for emotional

---

[1] MBS makes the following argument for the sole purpose of demonstrating that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a), but maintains that Plaintiff is not entitled to any damages or other relief in this action whatsoever.

distress damages based on an employer's MHRA violations); *Hudson v. United Sys. of Ark., Inc.*, 709 F.3d 700, 705 (8th Cir. 2013)) (upholding award of $100,000 for mental anguish in harassment case); *Ross v. Douglas County*, 234 F.3d 391, 397 (8th Cir. 2000) (upholding a $100,000 award for emotional distress in a discrimination case).

27. In addition, Plaintiff seeks punitive damages in this case, which are "considered when determining the jurisdictional amount." *Hutchins v. Sw. Bell Tel. Co.*, 2013 WL 6068897, at *2 (E.D. Mo. Nov. 18, 2013) (citing *Capitol Indemnity Corp., v. Miles*, 978 F.2d 437, 438 (8th Cir.1992)). "[T]he Missouri Court of Appeals has approved a six-to-one ratio of punitive damages to compensatory damages." *Id.* (citing *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854, 872 (Mo. Ct. App. 2009) (upholding a six-to-one punitive damages ratio)); *see also Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 359 (8th Cir.2009) (awarding punitive damages on MHRA claim in the amount of four times the compensatory damages)). Indeed, actual cases involving claims under the MHRA have resulted in large punitive damages awards. *McGhee v. Schreiber Foods, Inc.*, 502 S.W.3d 658, 675 (Mo. App. W.D. 2016) (affirming $350,000 punitive damages award in discrimination case); *Denesha v. Farmers Insurance Exchange*, 161 F.3d 491, 504 (8th Cir. 1998) (finding that an award of punitive damages in the amount of $700,000 was appropriate).

28. Finally, in determining whether the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a), the Court must also consider Plaintiff's request for attorneys' fees, "which are generally awarded to a prevailing plaintiff in a MHRA action." *Hutchins*, 2013 WL 6068897, at *2 (citing Mo. Rev. Stat. § 213.111.2); *Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir.2001) ("Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction.").

29. For the foregoing reasons, the amount in controversy in this case easily satisfies the threshold amount of $75,000.00.

30. Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

31. As set forth below, MBS has complied with the applicable statutory requirements for removal.

**A.     Removal is Timely**

32. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of the date MBS was served with the Petition on August 4, 2020.

**B.     Consent to Removal**

33. Because MBS is the sole defendant in this case, no additional consent is required under 28 USC 1446(b)(2)(A).

**C.     Venue is Proper**

34. The state court where this action is currently pending is located within the jurisdictional confines of the United States District Court for the Western District of Missouri. Accordingly, MBS removed this action to the appropriate federal district court. *See* 28 U.S.C. § 1441(a).

**D.     All Process and Pleadings Attached**

35. In accordance with 28 U.S.C. § 1446(a), **Exhibit A** constitutes all process, pleadings, and orders served upon MBS in this action.

**E.     Filing and Service of Notice of Removal**

36. In accordance with 28 U.S.C. § 1446(d), MBS will, promptly after filing this Notice of Removal: (a) serve a copy of this Notice of Removal upon Plaintiff; (b) electronically file with this Court a separate Notice to the Plaintiff, informing Plaintiff of the removal of the state court

action; (c) file a copy of this second Notice of Removal with the Clerk of Court in the Thirteenth Judicial Circuit Court; and (d) electronically file with this Court, within three business days, a copy of the Notice of Filing Notice of Removal that was filed with the Thirteenth Judicial Circuit Court.

## CONCLUSION

37.　For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.　Therefore, MBS gives notice that this action is hereby removed to the United States District Court for the Western District of Missouri.

Dated:　September 3, 2020

**CARMODY MACDONALD P.C.**

By: _s/ Gerard T. Carmody_
Gerard T. Carmody, #24769MO
120 S. Central Ave., Suite 1800
St. Louis, Missouri 63105
T: (314) 854-8600
F: (314) 854-8660
gtc@carmodymacdonald.com

_Attorneys for Defendant_
_MBS Textbook Exchange, LLC_

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 3, 2020, the foregoing Notice of Removal was electronically filed with the Clerk of the Court using CM/ECF and served via electronic mail upon:

Nimrod Thomas Chapel, Jr.
Andrew G. Heitmann
THE CHAPEL LAW GROUP LLC
311 W. Dunklin St.
Jefferson City, MO 65101
nimrod@chapellaw.com
andrew@chapellaw.com

*Attorneys for Plaintiff*

/s/   *Gerard T. Carmody*
Gerard T. Carmody